UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 18-60337-CR-MARTINEZ

UNITED STATES OF AMERICA,

VS.

JOAQUIN ANTHONY ZAPATA,

Defendant.
_____/

## DETENTION ORDER

THIS MATTER came before the Court upon the Government's motion to detain the defendant, Joaquin Anthony Zapata, prior to trial and until the conclusion thereof. Having received evidence and heard argument of counsel, the Court hereby GRANTS the motion and enters its written findings of fact and statement of reasons for the detention in accordance with the provisions of 18 U.S.C. § 3142(i).

A.  INTRODUCTION

On December 17, 2018, the Court held a hearing to determine whether any condition or combination of conditions of release will reasonably assure the appearance of the defendant as required and the safety of any person and the community. 18 U.S.C. § 3142(f). Based upon the Indictment of the Grand Jury, see United States v. Hurtado, 779 F.2d 1467, 1479 (11th Cir. 1985), the Court finds probable cause that the defendant, Joaquin Anthony Zapata, committed offenses under chapter 77 (of Title 18) for which a maximum term of imprisonment of 20 years or more is prescribed. 18 U.S.C. § 3142(e)(3)(E). This finding gives rise to a rebuttable presumption that no condition or combination of conditions of release will reasonably assure the appearance of the

defendant as required and the safety of the community. Id. Assuming, arguendo, that the defendant has come forward with sufficient evidence to rebut the statutory presumption, the presumption "remains in the case as an evidentiary finding militating against release, to be weigh[ed] along with other evidence." United States v. Quartermaine, 913 F.2d 910, 916 (11th Cir. 1990); United States v. King, 849 F.2d 485, 488 (11th Cir. 1988). Throughout this proceeding, the burden of persuasion is upon the Government to establish by a preponderance of the evidence that the defendant poses a risk of flight and/or by clear and convincing evidence that he poses a danger to the community. Id. at 489; 18 U.S.C. § 3142(f). In determining whether the Government has met its burden by the requisite standard of proof, this Court must take into account the factors enumerated in 18 U.S.C. § 3142(g).

B. FINDINGS OF FACT

1. The defendant is charged with the following offenses: conspiracy to commit sex trafficking of children, in violation of 18 U.S.C. § 1594(c); and sex trafficking of children, in violation of 18 U.S.C. § 1591(a)(1), (b)(2), and (c). Therefore, the defendant is charged with offenses that involve a minor victim and that are, by statutory definition, "crime[s] of violence."[1] 18 U.S.C. § 3142(g)(1).

2. The Court received credible evidence that the defendant committed the offenses with which he has been charged. More specifically, the case agent adopted the Factual Proffer (DE 13) filed by the Government as his direct examination testimony. The

---

[1] As felony offenses that have been codified within chapter 77 (of Title 18), sections 1591 and 1594 are defined by statute as "crime[s] of violence." 18 U.S.C. § 3156(a)(4)(C).

2

content of that Factual Proffer was not impeached, contradicted, or rebutted, and the undersigned accepts the facts set forth in that Proffer as true for purposes of this bond determination. According to the Proffer:

> 1. On February 10, 2018, BSO deputies responded to a call at Budgetel Inn located in Pompano Beach, Florida. At the room the officers met Minor A, a 15 year old juvenile who advised that she had been staying in the room [with] [MARIA] GONZALEZ, for one week.[2] Minor A stated that GONZALEZ, who has known Minor A since Minor A was a baby, had introduced her to prostitution; specifically, the previous night GONZALEZ had supplied Minor A with marijuana and had compelled her to have sexual intercourse with three different males in exchange for money.
>
> 2. Officers observed that the hotel room was ridden with used contraceptives and contraceptive wrappers. GONZALEZ admitted that she had sexual intercourse in exchange for money. Surveillance of the exterior of the hotel room revealed that ten or more males visited the room in [a] short period of time. Furthermore, GONZALEZ was observed, in the surveillance cameras, engaging in sexual activity with multiple males in the presence of Minor A.
>
> 3. At that time, GONZALEZ was taken into custody on state charges. GONZALEZ's iPhone was observed to have multiple text messages from different numbers inquiring whether GONZALEZ was available. The nature of the messages is highly indicative that they were from males attempting to arrange a time to engage in sexual intercourse in exchange for money. Additionally, GONZALEZ had several missed calls and text messages from a person named "KIKI," who was later identified as [JOAQUIN] ZAPATA. ZAPATA, who was GONZALEZ's stepbrother, was asking via the messages whether "she was done" and whether she went to AMSCOT, which is a store that provides financial services such as check cashing and cash advances.
>
> 4. Records held by Budgetel Inn reveal that ZAPATA had rented room 121 from February 3, 2018 through February 8, 2018 and room 111 from February 9, 2018 through February 10, 2018, providing his Florida driver's license as proof of identification. During her time at the Budgetel, Minor A saw ZAPATA at least once a day. Officers later learned that ZAPATA was also responsible for obtaining the crypto currency to pay for the

---

[2] Minor A is Maria Gonzalez's half-sister. Joaquin Zapata knows Minor A as Gonzalez's little sister.

3

Backpage.com advertisements.[3] Post-Miranda, ZAPATA advised that he had known GONZALEZ for ten years, and that she had "direct messaged" him via his Instagram in January 2018 seeking help with the operation.

5. On February 28, 2018, Minor A's mother advised law enforcement that she had viewed a video of Minor A performing oral sex on a black male (later identified as [ALVARO] VALDEZ) while GONZALEZ was dancing in the background. VALDEZ posted the video on Instagram.

6. On April 26, 2018, law enforcement executed a state arrest warrant for VALDEZ, who was found to be in possession of an iPhone. Post-Miranda, VALDEZ advised that his iPhone was used to take the video of him receiving oral sex from Minor A. VALDEZ stated that the video remained on his phone. He stated that he believed GONZALEZ had "direct-messaged" him via Instagram to arrange the encounter with MINOR A.

7. On April 27, law enforcement obtained a search warrant for VALDEZ's iPhone. Upon reviewing the digital contents of VALDEZ's iPhone, officers observed videos depicting Minor A performing oral sex on VALDEZ. Additionally, law enforcement also recovered videos of Minor B performing oral sex on VALDEZ. Furthermore, law enforcement retrieved messages VALDEZ sen[t] Minor B wherein he threatened to expose her and release her pornographic videos if she didn't meet with him again. VALDEZ did indeed post a video of MINOR B performing oral sex on him after she refused to meet with him.

Factual Proffer ¶¶ 1-7 (DE 13).

The Government proffered that if the defendant were convicted of the charged offenses, he would face a mandatory minimum sentence of 10 years' imprisonment as to Count 1 and as to Count 2. The defendant's advisory Guidelines would be 97 to 121 months' imprisonment. 18 U.S.C. § 3142(g)(2).

3. The pertinent history and characteristics of the defendant are significant to this Court's assessment of his candidacy for bond. The defendant was born in Miami

---

[3] According to the Government, Zapata placed the Backpage ads, which included photographs, for both Gonzalez and Minor A.

(Florida) 23 years ago and is a lifelong resident of the community. Since August 2018, he has been residing at a rented apartment in Coral Springs with his girlfriend. The defendant advised that his mother, his father, his grandmother, and his siblings reside in the community as well.

The defendant told Pretrial Services that he has been employed part-time at a barber shop, earning approximately $250 per month. His lone asset is a 1998 vehicle valued at $500. 18 U.S.C. § 3142(g)(3)(A) and (B).

4. The Court received evidence concerning the nature and seriousness of the danger to the community that would be posed by the release of this defendant. The defendant had a managerial role in a sex trafficking operation involving a 15-year old girl, as well as an adult prostitute. He not only posted the ads for Gonzalez and for Minor A, who he knew as Gonzalez's little sister, but he also rented the hotel rooms and collected the monies that the females earned. 18 U.S.C. § 3142(g)(4).

5. The Court declines to find that no condition or combination of conditions of release will reasonably assure the defendant's appearance at trial. 18 U.S.C. § 3142(e).

6. The Court specifically finds by clear and convincing evidence that no condition or combination of conditions of release will reasonably assure the safety of any other person and the community. 18 U.S.C. § 3142(e).

C. STATEMENT OF REASONS FOR DETENTION

1. Based upon the above findings of fact, this Court cannot conclude that the release of this defendant on bond prior to trial would present an unreasonable risk of flight. Although the defendant does face a lengthy prospective sentence, he is a lifelong resident of the community with extensive familial and emotional ties. Furthermore, he has no adult

criminal record.

2. Based upon the above findings of fact, this Court concludes that the release of this defendant on bond prior to trial would present an unreasonable danger to persons and to the community. The defendant had a managerial role in a sex trafficking operation involving a 15-year old girl, as well as an adult prostitute. He not only posted the ads for Gonzalez and for Minor A, who he knew as Gonzalez's little sister, but he also rented the hotel rooms and collected the monies that the females earned. Indeed, but for the defendant's criminal acts, Minor A would not have been sexually trafficked. Accordingly, this defendant constitutes a danger to the community.

D. DISPOSITION

Being fully advised, the court hereby ORDERS that the defendant, Joaquin Anthony Zapata, be detained prior to trial and until the conclusion thereof.

The Court further ORDERS:

1. That the defendant be committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

2. That the defendant be afforded reasonable opportunity for private consultation with counsel; and

3. That, on order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which the defendant is confined deliver the defendant to a United States marshal for the purpose of an appearance in connection with a court proceeding.

DONE AND ORDERED at Fort Lauderdale, Florida this 19th day of December 2018.

／s／ Barry S. Seltzer
BARRY S. SELTZER
UNITED STATES MAGISTRATE JUDGE

Copies to:

Hon. Jose E. Martinez
United States District Judge

All counsel of record

United States Marshal

United States Pretrial Services

7