UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.  18-60337-CR-MARTINEZ

UNITED STATES OF AMERICA,

     Plaintiff,

v.

JOAQUIN ANTHONY ZAPATA,

     Defendant.

_____/

## DEFENDANT'S SENTENCING MEMORANDUM

Joaquin Zapata is a 23 year-old man whose sole brushes with the law include 2 misdemeanor marijuana arrests, which were ultimately dismissed and did not result in conviction. PSI ¶¶ 51 & 52. After graduating and receiving his high school diploma, Mr. Zapata attended Florida Barber Academy and completed all required course work. For his limited role in this offense, he is facing an advisory guideline range of 135-168 months' imprisonment. PSI ¶ 89.

Much like the child pornography guidelines in USSG § 2G2.2, Mr. Zapata's advisory guideline range pursuant to § 2G1.3(a)(2) produces an overly severe range and "does not adequately distinguish offenders based on their degrees of culpability." United States Sentencing Commission, *Report to Congress:  Federal Child Pornography Offenses* Executive Summary ii (2012).  The guideline range is especially harsh given his actual conduct in the offense. Given the pertinent 18 U.S.C. § 3553(a) factors, a sentence below the current advisory guideline range is sufficient, but not greater than necessary to serve as punishment, a deterrent, and acknowledge Mr. Zapata's history and characteristics.

As will be explained later, Mr. Zapata requests this Honorable Court impose a sentence of 70 months' imprisonment, followed by a term of supervised release to include drug treatment.

**Zapata's Role in the Offense**

Mr. Zapata pleaded guilty to and accepted responsibility for his role in the conspiracy to sex traffic a minor, in violation of Title 18, United States Code Section 1594. The minor at issue is the 15 year-old sister of co-defendant Maria Gonzalez. Mr. Zapata knows Ms. Gonzalez because their respective parents dated some years ago. It is uncontroverted that (1) co-defendant Gonzalez recruited the minor to engage in prostitution; (2) co-defendant Gonzalez recruited Zapata for assistance in setting up *her own* prostitution venture; (3) co-defendant Gonzalez took the photos and set up the Backpage advertisement for herself and her sister; and (4) co-defendant Gonzalez was in contact with Zapata in regards to the prostitution. Admittedly, Zapata paid for Gonzalez's hotel room—before he found out Gonzalez had recruited her minor sister to participate in the prostitution—but continued to pay for the room once he found out the minor was also engaging in prostitution. He also assisted co-defendant Gonzalez in obtaining cryptocurrency so that she could post her advertisements online. Mr. Zapata should have absolutely refused to participate further once he learned a minor was involved, and he is remorseful for his actions. He accepts full and complete responsibility, and was the first in his indictment to do so.

Because Mr. Zapata participated with co-defendant Gonzalez, he is legally responsible for her actions, including the 2-point enhancement for using the computer to post advertisements (PSI ¶ 38) and the 2-point enhancement for Gonzalez's undue influence over her younger sister (PSI ¶ 39). He acknowledges that this is legally

2

permissible, but he urges this Court to recognize that his actual behavior in this offense calls for a lower sentence.

**History and Characteristics of Mr. Zapata**

A look back at Mr. Zapata's history reveals that this is aberrant behavior on his part. Other than 2 misdemeanor marijuana arrests, one in 2011 and one in 2015, he has never been in trouble. He enjoys the right to vote, to possess a firearm, and to serve on a jury. He has always been employed, and in fact worked his last year of high school at Wendy's. PSI ¶ 77. During Barber College, he worked as a sandwich artist at Subway. PSI ¶ 76. He then worked as a laborer for 2 years and, farom October 2016 until his arrest, was employed at Hi Def Barbershop. PSI ¶¶ 74 & 75. He has always been a hardworking young man who considers his mother his best friend. His plea of guilty will change the entire landscape of his life.

Not only does this conviction make Mr. Zapata a convicted felon, it also makes him a sex offender. No longer can he vote, own a firearm or sit on a jury. No longer can he live wherever he likes—were he to live in Miami-Dade County, he will be subject to one of strictest living restrictions in the country. Mr. Zapata will be subject to the same registration requirements and life restrictions as someone who raped a child. These are serious consequences for anyone, especially someone who has otherwise been a productive and contributing member of society.

**The Current Guidelines Produce an Overly Harsh Range for Zapata's Behavior**

By way of example, a person ("Defendant X") convicted of traveling to Alabama in order to meet a 14 year-old for sex—and then having sex with that minor—faces the same advisory guideline range as Mr. Zapata. Defendant X would start at Base Offense Level 30 (because the crime is in violation of 18 U.S.C. § 1591(b)(2)) and receive all 3

3

enhancements noted in Mr. Zapata's PSI at paragraphs 37-39. With -3 for acceptance of responsibility and a criminal history category I, the resulting advisory guideline range would be 135-168 months' imprisonment. In this instance, the guidelines do not properly distinguish Defendant X's actions from Mr. Zapata's actions. Mr. Zapata thus proposes the following calculation as a guide to an appropriate sentence in this case.

*Base Offense Level*

Mr. Zapata understands the reasoning of U.S. Probation in selecting a base offense level of 30 and acknowledges that it is a legally permissible way to calculate the guidelines; however, he contends that a base offense level of 24 is more appropriate and indicative of his actual behavior here.

Probation determined that the appropriate guideline section in Mr. Zapata's case was USSG § 2G1.3. PSI ¶ 36. Probation then selected a base offense level of 30, because the *object* of the conspiracy to which Mr. Zapata pleaded guilty falls under 18 U.S.C. § 1591(b)(2). PSI ¶ 36.

Mr. Zapata agrees that USSG § 2G1.3 is the correct guideline to apply. However, the plain language of USSG § 2G1.3(a)(2) states that "if the defendant was *convicted under* 18 U.S.C. § 1591(b)(2)," the base offense level is 30. Save other exceptions not applicable here, other defendants start at a base offense level of 24. § 2G1.3(a)(4).

As the Court will recall, Mr. Zapata was charged with conspiracy to commit sex trafficking, in violation of 18 U.S.C. § 1594(c) (Count 1); and sex trafficking of children, in violation of § 1591(a)(1), (b)(2), and (c) (Count 2). (DE 1) Pursuant to an agreement with the Government, Mr. Zapata pleaded guilty to Count 1, the conspiracy count, and the Government agreed to dismiss Count 2. (DE 40) Thus, Mr. Zapata stands convicted of an offense under 18 U.S.C. § 1594(c), not 18 U.S.C. § 1591.

Given the plain language of USSG § 2G1.3 and the facts of this case, Mr. Zapata respectfully submits that the more appropriate base offense level in his case is 24.

*Applicable Enhancements*

Because Mr. Zapata pleaded guilty to the conspiracy count, he agrees that, although not personally committed by him, his co-defendant Gonzalez engaged in such behavior that make those enhancements appropriate. PSI ¶¶ 37-39.

*Resulting Advisory Guideline Calculation*

With a Base Offense Level of 24, + 6 for the pertinent specific offense characteristics, and -3 for acceptance of responsibility, the resulting advisory guideline range is 70-87 months' imprisonment.

**Appropriate Sentence in this Case**

The Government agreed to dismiss Count 2, which carried a 10-year mandatory minimum sentence, and permit Mr. Zapata to plead guilty to Count 1, which carries no mandatory minimum term. Mr. Zapata submits that if a sentence at or above 10 years was appropriate for Mr. Zapata, the Government would not have entered into such an agreement.

Seventy (70) months is a **significant** sentence for someone who has never done a day in jail. The collateral consequences at issue for Mr. Zapata are also incredibly serious, and will be life-changing. Seventy (70) months served in federal prison—especially as a sex offender—will be difficult and perhaps dangerous. Given (1) the history and characteristics of Mr. Zapata; (2) his role in this offense; (3) his early and complete acceptance of responsibility; (4) the collateral consequences he faces; and (5) the fact that the applicable guideline range is overly harsh, he prays this Court impose

a sentence of 70 months' imprisonment, which is sufficient but not greater than necessary to comport will all the goals of sentencing.

Respectfully submitted,

MICHAEL CARUSO
FEDERAL PUBLIC DEFENDER

BY:    s/ Katie Carmon
       Katie Carmon
       Assistant Federal Public Defender
       Florida Bar No. 73467
       150 West Flagler Street
       Suite 1700
       Miami, Florida 33130-1556
       Tel:  305-530-7000/Fax:  305-536-4559
       E-Mail Address: Katie_Carmon@fd

6

## CERTIFICATE OF SERVICE

I HEREBY certify that on **April 9, 2019**, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.


s/ Katie Carmon
Katie Carmon

7